# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TERENCE ROGER JAMES,

|  |  |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 25-2228 (UNA) |
|  | ) |  |
| AMERICAN PUBLIC UNIVERSITY SYSTEMS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on review of Plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court GRANTS the application and, for the reasons stated below, DISMISSES the complaint and this civil action without prejudice.

The Court has reviewed Plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than are applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint is indeed short, but its meager allegations fail to state a plausible legal claim. "After being blocked for year[s] in completing a degree [Plaintiff's] records are fabricated," Compl. at 4, and Plaintiff demands "[t]he amount in tuition for attendees [and compensation for] pain and suffering," *id*. The relevant records are not described, and the complaint is silent as to the school(s) Plaintiff may have attended, amounts of tuition he may have paid, any actual pain and suffering Plaintiff may have experienced, or the involvement of the named defendant in events giving rise to whatever claim Plaintiff attempts to raise. In addition, the complaint's stated basis for this Court's jurisdiction, "Other fraud – Fabricating documents to commit defamation," does not amount to federal question or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Because the complaint falls short of the minimal pleading standard set forth in Rule 8(a), it will be dismissed. An Order consistent with this Memorandum Opinion is issued separately.


DATE: August 28, 2025                    /s/
                                         JIA M. COBB
                                         United States District Judge